UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR BADILLO SANCHEZ (A-222-553-565),

Petitioner,

v.

FIELD OFFICE DIRECTOR, et al.

Respondents.

No. 1:26-cv-05566 DAD-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Salvador Badillo Sanchez (A-222-553-565), a native of Mexico who is proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

## I. BACKGROUND

On or about June 19, 2026, petitioner was detained by immigration authorities. (ECF No. 1 at 9.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 4.) Respondents do not contest petitioner's factual allegations. (See

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

ECF No. 5.)

On July 17, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On July 27, 2026, respondents timely filed a response to the petition. (ECF No. 5.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raises two claims in the petition. (ECF No. 1 at 10-11.) The Court first addresses petitioner's statutory claim (claim one). Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b). (ECF No. 5 at 1.) Respondents further do not contend that petitioner has a criminal history or that he violated any release conditions. (Id.) Respondents cite Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b) is applicable here. (Id.) Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id.)

Respondents concede that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." (Id.) The Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[2] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

After the petition was fully briefed, the Ninth Circuit decided this issue in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted));

[2] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, pursuant to Rodriguez Vazquez and based on respondents' concession, the Court recommends granting the petition and ordering petitioner's immediate release.

## IV. PETITIONER'S REMAINING CLAIM

In the petition, petitioner also raises a due process claim (claim two). (ECF No. 1 at 10-11.) Because the Court recommends granting the petition on the statutory claim (claim one), the Court need not address any additional claim (claim two) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim one.

## V. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted as to claim one.

IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on claim one.
2. Respondents be ordered to IMMEDIATELY release petitioner Salvador Badillo Sanchez (A-222-553-565) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sanc5566.157.imm.rel/2